THE STATE OF NEW JERSEY, EX REL. THE BOARD OF HEALTH OF THE BOROUGH OF EAST PATERSON, THE BOROUGH OF EAST PATERSON, LOUIS SOGARO AND CHARLES NEBBIA, PLAINTIFFS-APPELLANTS, v. NEW JERSEY HIGHWAY AUTHORITY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 31, 1958—Decided April 28, 1958.

*Mr. James A. Major* argued the cause for appellants (*Mr. R. Sery Nicosia,* on the brief).

*Mr. Robert Shaw* argued the cause for respondent (*Messrs. Shaw, Pindar, McElroy & Connell,* attorneys; *Mr. William T. McElroy,* of counsel).

The opinion of the Court was delivered

PER CURIAM. Plaintiffs filed a complaint in the Chancery Division of the Superior Court. It alleges that in constructing the Garden State Parkway the defendant Authority changed the course of Fleischer Brook for a distance of about 5,000 feet; that the realigned portion has a greater width than the original bed of the brook; that the realignment results in an increased flow of water which cannot be accommodated at the point where the realigned segment meets the brook in its natural course because of the difference in widths; that as a result the water overflows the banks, flooding the surrounding property, which condition is particularly acute after heavy rains. Others are parties defendant, but for present purposes we need not note the allegations against them.

The Board of Health of East Paterson charges the flooding of surrounding homes and structures, including a sewerage pumping station maintained by the borough, as a result of which the waters become polluted, breeding spots for mosquitoes are created, and the health of the citizens is impaired. Citing *R. S.* 26:3–56, the board prayed for judgment restraining defendants from flooding lands in the borough and compelling them to correct the conditions which cause the floods.

The Borough of East Paterson and individual property owners join in these allegations. The borough charges that "sewerage has backed up from the pipes and been discharged on to the public streets," causing it to expend moneys to pump out and repair the streets. Plaintiff Sogaro alleges destruction of his nursery stock and expenditure of moneys to abate the flooded conditions. Plaintiff Nebbia alleges his home is rendered "unfit for habitation" and has caused him "extreme discomfort in the enjoyment of his home and property." They seek like injunctive relief. There is no prayer that defendant be ordered to condemn any property or to pay damages.

Plaintiffs moved to strike the fourth separate defense, which asserted defendant is an agency of the State engaged at all times here involved in the performance of a governmental function whereby it was clothed with sovereign immunity which it has not waived, and the fifth separate defense which disputes the court's jurisdiction. Defendant countered with a motion for summary judgment. At the argument counsel for plaintiffs stated "he did not intend to charge the New Jersey Highway Authority with a palpable abuse of discretion." The trial court granted defendant's motion.

Plaintiffs approached this appeal on the hypothesis that the trial court held only that defendant may not be made a party defendant and did not reach the question of liability if procedurally it may be brought into court. This construction of the trial court's opinion is doubtful. At any rate, because of his interpretation, counsel for plain-

tiffs did not brief the issue of liability. At the hearing we indicated we would consider whether to direct further briefs and argument.

A number of legal issues suggest themselves: (1) whether the board of health may maintain an injunctive action against an agency of the State; (2) whether defendant may be compelled to condemn the property flooded; (3) whether defendant is immune from liability for damages for the kind of wrong which may here be involved (*cf*. liability of municipal corporations); (4) whether injunctive relief, if legally available, would be appropriate; and (5) whether the plan for realignment constituted an arbitrary exercise of power which may be judicially annulled upon that basis. Whether the quoted concession that plaintiffs "did not intend to charge * * * a palpable abuse of discretion" was intended to encompass or go beyond the last stated issue remained obscure at the argument before us.

We should not deal with any of these questions in the virtual vacuum in which they would here be argued. The nature of the controversy suggests issues of far-reaching significance. Because of the public interest, we feel the matter should be remanded for trial to the end that the legal issues may be considered in the light of a full factual setting.

For this reason, the judgment is reversed and the matter remanded for further proceedings not inconsistent with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For affirmance*—None.